**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| M.B.L., INC., | No. 14-56107 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-03951-BRO-AGR |
| v. | |
| FEDERAL INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; UTICA MUTUAL INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted June 8, 2016
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges and EATON, Judge[**]

Appellant M.B.L., Inc. (MBL) appeals from an order of the district court

granting summary judgment in favor of Appellees Federal Insurance (Federal),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Great American Insurance (Great American), and Utica Mutual Insurance (Utica) (collectively, Apellees).

MBL, a now-defunct dry cleaning products company, asserts that the district court erred in holding that Federal, Great American, and Utica did not have a duty to defend MBL in an environmental lawsuit. MBL maintains that its failure to tender the environmental lawsuit to the insurers was not fatal to its coverage claim because Federal, Great American, and Utica had constructive knowledge of the lawsuit due to its previous tender of a potential administrative proceeding, and due to correspondence from a different insurer to Appellees.

MBL's insurance policy with each Appellee imposed a duty to defend only "suits" against the insured. The California Supreme Court has interpreted analagous policy language as "limit[ing]" the duty to defend to "a civil action prosecuted in a court." *Powerine Oil Co. v. Super. Ct.,* 37 Cal. 4th 377, 382, 391-92 (2005), *as modified* (citation omitted). The California Supreme Court clarified that "a proceeding conducted before an administrative agency pursuant to an environmental statute" is not considered a "suit" within the meaning of an insurance policy. *Id.* at 392 (citation omitted). Accordingly, MBL's tender of the pending agency proceeding did not trigger a duty to defend. *See id.*

California law recognizes that "tender can be either formal or constructive." *OneBeacon Am. Ins. Co. v. Fireman's Fund Ins. Co.*, 175 Cal. App. 4th 183, 200 (2009) (citation omitted). And insurers have been found to possess constructive notice when an insured attempts to tender a covered lawsuit, but fails to conform precisely to the required formalities. *See e.g., Cal. Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 17, 37 (1985). However, this case is unlike *California Shoppers*, where the insured tendered a potentially covered lawsuit to the insurers, but failed to specify the covered party. *See id.* at 37. Here, MBL completely failed to tender any potentially covered lawsuit "due to mistake and inadvertency."[1] Nor is this a case involving "equitable contribution" between co-insurers, where constructive notice of the suit is sufficient to impose a duty of contribution or indemnity on Appellees because equitable considerations govern. *Compare OneBeacon,* 175 Cal. App 4th at 203-04; *Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. App. 4th 966, 982-83 (2000) (distinguishing the contractual relationship between an insurer and an insured from the equitable relationship between insurance carriers); *with Cravens, Dargan & Co. v. Pac. Indem. Co., Inc.*,

---

[1] Or at least we must credit MBL's proffered reason for failing to tender the lawsuit as true for purposes of ruling on Appellees' motions for summary judgment. *See Barboza v. Cal. Ass'n of Prof'l Firefighters*, 799 F.3d 1257, 1263 (9th Cir. 2015).

29 Cal. App. 3d 594, 602 (1972) (holding that actual notice does not give rise to a duty to defend absent an attempted tender of a potentially covered action by the insured). Therefore, contrary to MBL's arguments, Nationwide's notice to Appellees of a potential for contribution had no bearing on Appellees' duty to defend MBL, which could be triggered only by a tender of the environmental lawsuit to Appellees. *See id.*

In any event, MBL also received a full defense in the environmental lawsuit. MBL exercised its rights under California law to select an insurer, and tendered the environmental lawsuit to Nationwide and ACE Insurance (ACE). ACE subsequently paid $950,000 to MBL pursuant to a settlement agreement which provided that such payments "shall constitute payment in full of all defense costs, fees and expenses" for this (and two other) environmental lawsuits "through February 2012." The settlement agreement was unambiguous on its face that the sum received constituted "full" payment of defense costs, and thus the district court correctly refused to consider MBL's proffered extrinsic evidence (which would not support MBL's position in any event).

As to costs incurred after February 2012, ACE continued to pay for MBL's defense in the environmental lawsuit pursuant to a rate structure set forth in the settlement agreement. California Civil Code § 2860(c) therefore forecloses MBL

from seeking any additional fees from Appellees. *See San Gabriel Valley Water Co. v. Hartford Acc. & Indem. Co.*, 82 Cal. App. 4th 1230, 1239-41 (2000) (explaining that when multiple insurers . . . are obligated to provide independent counsel for the insured," section 2860(c) provides a "single rate limitation"). We reject MBL's argument that *Janopaul Block Cos., LLC v. Sup. Ct.*, 200 Cal. App. 4th 1239, 1248 (2011), precludes Appellees from invoking the benefits of § 2860 because they did not offer to defend MBL under a reservation of rights (as the defendants in *San Gabriel* did). This distinction is inapposite given our conclusion that, as a matter of law, Appellees were under no obligation to offer MBL a defense of either the administrative proceedings or the lawsuit and therefore did not breach any duty to defend MBL. Thus, *San Gabriel*—not *Janopaul*—applies here, and Appellees are entitled to summary judgment because "an insured is entitled to only a single full defense." *San Gabriel*, 82 Cal. App. 4th at 1241.

**AFFIRMED**.